■ MATTIE HALL, as Administratrix of the Estate of CHARLIE HALL, JR., Deceased, Appellant, v. FRANK GEBBIA et al., Respondents.— Order, Supreme Court, Bronx County, entered April 9, 1974, denying plaintiff's motion to vacate the stipulation of settlement, unanimously reversed, on the law and the facts, the motion granted, and the action remanded for trial, with $40 costs and disbursements of this appeal to abide the event. Settlement negotiations of this wrongful death action culminated in a formal stipulation of settlement recorded in open court. The parties concede that the settlement amount was essentially to compensate the mother of the deceased and not his " common law " wife or the child born of that relationship. Since his " common law " wife was at the time of the occurrence legally married to another, she clearly had no pecuniary loss cognizable at law upon the death of Charlie Hall. Plaintiff's counsel,

however, urged, preliminary to entering into the settlement, that the illegitimate child had such pecuniary rights, relying upon *Levy* v. *Louisiana* (391 U. S. 68). This contention was rejected by the court. The statute provides that an illegitimate child is considered the legitimate child of his father for the purpose of inheritance if an order of filiation declaring paternity is made by a court of competent jurisdiction (EPTL 4–1.2, subd. [a], par. [2]). Since apparently no such order was produced, the trial court could properly conclude that the child was not entitled to share in the proceeds of the settlement (EPTL 5–4.1). When the order was presented for signature, the court declined to sign it. The order as submitted to the Judge provided for payment to the mother of the deceased as "the sole distributee and next of kin of decedent and the sole person entitled to share in the recovery under the provisions of the Estates, Powers and Trust Law". The Judge, however, would only sign the order with language directing payment to the administratrix "to be distributed pursuant to further order of the Surrogate's Court of Bronx County." Plaintiff's counsel took the proposed order to the Surrogate's Court and was told that the order would not be signed unless the child share in the recovery. Clearly, if the child were entitled to share in the recovery, the settlement amount was inadequate. The settlement was agreed upon based on the mistaken assumption that the child could not legally share in the award yet would be implemented by the court only if the child did share. This is sufficient cause to warrant relieving the plaintiff from the terms of the stipulation (*Matter of Frutiger*, 29 N Y 2d 143, 149). Fairness and justice indicate that plaintiff should not remain suspended between Scylla and Charybdis but, rather, be returned to the relatively calmer waters of the *status quo ante*. In remanding for trial, we do not pass on the merits of the contentions of the parties regarding the infant child's right to share in the proceeds, if any, since the record contains a paucity of evidentiary information as. to the actual familial relationships of the parties. Concur — Stevens, J. P., Markewich, Capozzoli, Lane and Nunez, JJ.